IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BARRY MORRIS,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 3:24-cv-2400-DWD |
| | ) |
| **JOHN BARWICK,** Warden, | ) |
| Pinckneyville Correctional Center, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1). That Petition is now before the Court for a preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, which provides as follows: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts; *accord Mayle v. Felix*, 545 U.S. 644, 663 (2005).

After a bench trial in October 2005, Petitioner was found guilty of first-degree murder, home invasion, and aggravated unlawful restraint. He was sentenced to 71 years of imprisonment. On October 31, 2006, Petitioner filed a Petition for a Writ of Habeas Corpus under § 2254 in the Northern District of Illinois, arguing he received ineffective assistance of counsel related to the failure to present an insanity defense at the bench trial. *See Morris v. Hutchinson*, No. 16-cv-10243, Doc. 1 (N.D. Ill. Oct. 31, 2016). That Petition

was dismissed after a preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts. *Id*. at Docs. 6, 7, 8. The Northern District of Illinois and the Seventh Circuit denied certificates of appealability. *Id*. at Docs. 6, 7, 45, 53-54.

Now, in the Petition filed with this Court, Petitioner argues, as he did in the Northern District of Illinois, that he received ineffective assistance of counsel due to his attorney's failure to present an insanity defense at the bench trial. (Doc. 1, generally). More specifically, Petitioner argues his attorney committed a "wilful [*sic*] failure to present available and material trial testimony and evidence of Petitioner's well-documented and extremely bizarre behavior and psychiatric treatment for same before and after the subject murder in support of his viable and well-supported insanity defense at trial." (Doc. 1, pg. 4). It is notable, too, that the Petition filed with this Court acknowledges the prior proceedings in the Northern District of Illinois. (Doc. 1, pg. 3).

Unfortunately for Petitioner, the proceedings in the Northern District of Illinois bar this Court's consideration of the Petition. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Further, even if a claim was not presented in a prior petition, a petitioner "shall move in the appropriate court of appeals for an order authorizing the district court to consider [a] [second or successive] application." *Id*. § 2244(b)(3)(A). This must occur "[b]efore a second or successive application [is] permitted…in the district court." *Id*. Critically, § "2244(b)(3)(A) 'is an allocation of subject-matter jurisdiction to the court of appeals.' " *Lambert v. Davis*, 449 F.3d 774, 777 (7th Cir. 2006) (quoting *Nunez v. U.S.*, 96 F.3d 990, 991 (7th Cir. 1996)). Thus, "[a] district

court *must* dismiss a second or successive petition…unless the court of appeals has given approval for the filing." *Id*. (quoting *Nunez*, 96 F.3d at 991) (Emphasis in original.).

Here, Petitioner has not shown the Petition, which presents the same argument that was dismissed in the Northern District of Illinois, was filed with the permission of the Seventh Circuit. *See* 28 U.S.C. § 2244(b)(1), (3)(A). Also, this is not a case where the petition filed in the Northern District of Illinois does not count for purposes of § 2244(b), as it was not dismissed because it "suffer[ed] from technical or procedural deficiencies that the petitioner[] c[ould] rectify." *See Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). To the contrary, the proceedings in that court clearly reveal the petition was resolved, on the merits, in a way that qualifies as "one 'full and fair opportunity to raise a [federal] collateral attack.' " *Id*. (quoting *O'Connor v. U.S.*, 133 F.3d 548, 550 (7th Cir. 1998)).

Therefore, it plainly appears that petitioner is not entitled to habeas relief. *See* Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts; *accord Mayle*, 545 U.S. at 663. As such, the Petition is **DISMISSED, without prejudice**, for lack of subject matter jurisdiction. The Clerk of the Court is **DIRECTED** to enter judgment and to close the case. The Court declines to issue a certificate of appealability, as no reasonable jurist would disagree with this procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**SO ORDERED.**

Dated: November 4, 2024

*s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge